## Webb v. McCoy.

(Decided December 18, 1923.)

### Appeal from Floyd Circuit Court.

Logs and Logging—Agreement for Sawing Timber Construed.— Where defendant, owner of timber, agreed that, if conditions became such that he could not continue the job of sawing, he would not let second party, plaintiff, lose anything in "it," the word "it"

referred to the job, and not to the mill, which was purchased by the defendant for the plaintiff, and was to be paid for by the plaintiff out of the job itself, and the latter was not entitled to recover money spent for fencing a garden and fixing up a house; the intention being to reimburse plaintiff for reasonable expense necessarily incurred in carrying out the contract, as well as for such sawing as he had done up to the time the work was discontinued.

SMITH & COMBS and W. P. MAYO for appellant.

J. N. HAMILTON for appellee.

Opinion of the Court by Judge Clay—Reversing.

J. D. McCoy brought this suit against James Webb to recover damages for breach of contract. Webb counterclaimed for damages against McCoy. The jury found for McCoy in the sum of $600.00 and Webb appeals.

On February 5, 1921, McCoy and Webb entered into a written contract by which McCoy agreed to saw a certain boundary of timber for 20c per tie, and $7.50 per thousand feet for the timber, subject to certain changes if the market price of the ties and timber should fall or advance. The contract further provided that McCoy was to have the mill on the ground by April 1, 1921, and that Webb should use his best efforts to keep a sufficient number of logs on the yard to keep said mill running continually until the job was completed.

On February 18, 1921, the parties entered into a supplemental agreement, which is as follows:

"This contract or agreement, made and entered into, this day and date, between James Webb, party of the first part, and J. D. McCoy, party of the second part.

"Party of the first part buys and pays $1,150.00 to Murf Allen for one sawmill and outfit, which mill is to be removed on said first party's job by the first day of April. Said party of the second part is to pay all he works out on said mill, except what he is out for living expense and labor, and said mill is to stand good to said party of the first part until said amount is paid. If market conditions get in such shape that first party can't continue said job, he is not let second party lose anything in it."

The items for which a recovery was sought consisted of expenses incurred in transporting, setting up and repairing the mill, as well as the expense of fencing a

garden and repairing the house into which McCoy moved, and also a balance due for sawing. The damage sought on the counterclaim was the depreciation in the market price of the timber occurring during McCoy's delay in setting up the mill.

It is the contention of Webb that McCoy was not entitled to recover for any of the items sued on, it being insisted that the agreement that he was not to let McCoy lose anything applied only to the mill, and as he had taken the mill off McCoy's hands, there was no loss. We are unable to agree with this contention. The language of the supplemental contract is, "If market conditions get in such shape that first party can't continue said job, he is not to let second party lose anything in it." The word "it" does not refer to the word "mill" in the prior sentence, but refers to the word "job" occurring in the same sentence. Therefore, it seems to us that it was the intention of the parties that if the market conditions became such that the work could not be continued, then Webb was not to let McCoy lose anything on the job. In other words, he was to reimburse McCoy for any reasonable expense necessarily incurred in carrying out the contract, as well as for such sawing as he had done up to the time the work was discontinued. Not only did the petition fail to allege, but the evidence itself failed to show, that the items of expense for which a recovery was sought were reasonable, and necessarily incurred. Hence, the demurrer to the petition should have been sustained, as well as the objection to the evidence itself. Not only so, but the items of $12.85 for fencing a garden and $39.35 for fixing up house on appellant's property should not have been allowed at all, as they cannot be regarded as a necessary part of the reasonable expense in carrying out the contract. If the item of $19.39 "to Lon Davis for shop work" was for work done in performing the contract, and not for work in transporting, setting up or repairing the mill, that, too, should be eliminated, as appellant is not liable for the balance due under the contract, and also for work done in performing that contract.

In addition to the above errors, it appears that the total of all the items, including those which should not have been allowed under any circumstances, falls far short of $600.00, the amount fixed by the verdict.

In view of another trial, it is proper to add that the court should not have fixed the measure of damages as such sum "or sums in money as you believe and find from the evidence plaintiff is entitled to, not to exceed the sum of $600.00," but should have confined the recovery to the amount due under the contract and to such items of expense as the jury believed from the evidence were reasonable, and necessarily incurred in carrying out the contract.

Judgment reversed and cause remanded for new trial consistent with this opinion.